MITCHELL SILBERBERG & KNUPP LLP
KEVIN E. GAUT (SBN 117352), keg@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
Valnet Inc. and Valnet U.S. Inc.

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/13/2024 4:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Trinh, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

## CENTRAL DISTRICT

| | |
|---|---|
| DANIEL QUINTILIANO, individually and on behalf of all those similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VALNET, INC., a Canadian Corporation, VALNET, U.S., INC., a Delaware Corporation, and Does 1-10,<br><br>　　　　　Defendants. | CASE NO.　23STCP04605<br><br>**ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC. TO CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Location:　Dept. 14<br>Judge:　　Hon. Kenneth R Freeman<br><br>File Date:　12/21/2023<br>Trial Date:　Not yet set |

Defendants Valnet Inc. and Valnet U.S. Inc. submit this Answer to the allegations contained in the Class Action Complaint of Plaintiff Daniel Quintiliano ("Plaintiff") as follows:

## GENERAL DENIAL AND RESERVATIONS OF RIGHTS

Pursuant to the provisions of California Code of Civil Procedure ("CCP") Section 431.30(d), Defendants deny, both generally and specifically, each and every material allegation in the Complaint, and specifically deny that Plaintiff or any alleged class member whom Plaintiff purports to represent in this action (hereinafter, "purported class member") have been, are, or will be damaged in the amount alleged, or in any manner or sum whatsoever, or are entitled to any recovery or remedy of any type whatsoever, by reason of any of Defendants' acts, conduct, or omissions and deny that any class can be certified. Without limiting the generality of the foregoing, Defendants particularly deny that it was the employer of Plaintiff or any purported class member.

## SEPARATE AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff or of any purported class member, or admitting that Defendants have any burden of proof, or admitting that any of these affirmative defenses are in fact affirmative defenses as to which Defendants bear the burden of proof as opposed to matters on which Plaintiff and the purported class members bear the burden of proof, Defendants assert the following separate affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Cause of Action]

1. The Complaint, in whole or in part, fails to state facts sufficient to constitute a cause of action brought on behalf of Plaintiff and/or any purported class member.

### SECOND AFFIRMATIVE DEFENSE

### [Statute of Limitations]

2. Plaintiff's claims and the claims of each purported class member, or some of them, are barred, in whole or in part, by the applicable statutes of limitations, including without limitation, the limitations periods prescribed in California Labor Code Section 203, California Labor Code Section 2699.3, the one-year limitations period contained in CCP Sections 340(a) and

(b), the two-year limitations period contained in CCP Section 339(1), the two-year statute of limitations applicable to claims for intentional torts contained in CCP Section 335.1, the three-year limitations period contained in CCP Section 338, the four-year limitations period contained in CCP Section 337(1), the four-year "catch all" statute of limitations contained in CCP Section 343, the four-year limitations period contained in California Business and Professions Code Section 17208, and any other applicable limitations period contained in the applicable collective bargaining agreement(s).

## THIRD AFFIRMATIVE DEFENSE

### [Administrative Remedies]

3. Plaintiff's claims and the claims of each purported class member, or some of them, are barred, in whole or in part, due to Plaintiff's and/or purported class members' failure to exhaust internal and/or administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

### [Failure to Pursue Corrective Measures]

4. The Complaint is barred, in whole or in part, to the extent that Plaintiff and/or any purported class member failed to take advantage of any preventive or corrective opportunities provided by Defendants, or otherwise, to avoid the damages about which they complain, prior to the filing of the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### [Res Judicata and Collateral Estoppel]

5. Plaintiff's claims and the claims of each purported class member, or some of them, are barred, in whole or in part, because of res judicata and/or collateral estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### [Estoppel]

6. Plaintiff's claims and the claims of each purported class member, or some of them, are barred, in whole or in part, because Plaintiff and the purported class members are estopped by their own conduct to claim any right to damages or other relief from Defendants.

Mitchell Silberberg & Knupp LLP

3
ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO CLASS ACTION COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### [Laches]

7. Plaintiff's claims and the claims of each purported class member, or some of them, are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

8. Plaintiff's claims and the claims of each purported class member, or some of them, are barred, in whole or in part, by unclean hands and/or inequitable or wrongful conduct.

## NINTH AFFIRMATIVE DEFENSE

### [Waiver]

9. Plaintiff's claims and the claims of each purported class member, or some of them, are barred, in whole or in part, because such claims have been waived, discharged and/or abandoned.

## TENTH AFFIRMATIVE DEFENSE

### [Good Faith]

10. Neither Plaintiff nor any purported class member is entitled to any penalty or liquidated damages award, including, but not limited to any penalties or liquidated damages under California Labor Code Sections 201, 202, 203, 210, 226, 226.7, 558, 1174, 1175, 1194, 1194.2, and/or 119.1, the Industrial Welfare Commission Wage Orders; and/or any other penalties alleged in the Complaint. That is because, at all relevant times, Defendants acted in good faith and had reasonable grounds for believing that Defendants did not violate relevant laws or the specified provisions.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Consent/Ratification]

11. Plaintiff's claims and the claims of each purported class member, or some of them, are barred, in whole or in part, by Plaintiff and the purported class members' express or implied consent to the conduct of which they complain and/or ratification of that conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

**[Lack of Willfulness or Knowing or Intentional Conduct]**

12. Neither Plaintiff nor any purported class member is entitled to any penalty or liquidated damages award, including, but not limited to any penalties or liquidated damages under California Labor Code Sections 201, 202, 203, 226, 226.7, 558, 1174, 1175, 1194, 1194.2, and/or 1197.1, the Industrial Welfare Commission Wage Orders; and/or penalties alleged in the Complaint. That is because, at all relevant times, Defendants did not act willfully, knowingly, or intentionally.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**[Compliance or Substantial Compliance with Legal Obligations]**

13. Plaintiff's claims and the claims of each purported class member, or some of them, are barred because Defendants complied, substantially complied, or sought in good faith to comply, with all obligations under the law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**[Release or Settlement]**

14. Plaintiff's claims and the claims of each purported class member, or some of them, are barred, in whole or in part, because such claims have been released or settled in exchange for full and adequate consideration.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**[Accord and Satisfaction]**

15. Plaintiff's claims and the claims of each purported class member, or some of them, are barred, in whole or in part, by the doctrine of accord and satisfaction.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**[Mitigation of Damages]**

16. Plaintiff's claims and the claims of each purported class member, or some of them, are barred, in whole and in part, because Plaintiff and each such purported class member have not appropriately nor adequately mitigated their alleged damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**[Setoff]**

17. If Plaintiff or any purported class member have sustained any damages, which Defendants specifically deny, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset obligations owed to Defendants by Plaintiff and/or the purported class members against any judgment that may be entered.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**[De Minimis – Unpaid Wages]**

18. Defendants allege that, even if Plaintiff or the putative class members were not paid for all work performed (which Defendants specifically denies), such work is not compensable pursuant to the *de minimis* doctrine.

**NINETEENTH AFFIRMATIVE DEFENSE**

**[No Actual Injury]**

19. Plaintiff's and the purported class members' claims brought under California Labor Code Section 226 are barred on the ground that Plaintiff and the purported class members did not suffer any actual injury as a result of any alleged violation of Section 226 by Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

**[Injunctive Relief Improper]**

20. Plaintiff's and the purported class members' claims for injunctive relief are barred because Plaintiff and the purported class members have adequate and complete remedy at law and/or cannot make the other requisite showings to obtain injunctive relief.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**[Unconstitutionality of Penalties or Punitive Damages]**

21. Neither Plaintiff nor any purported class member are entitled to recover any punitive or penal damages, such as the statutory penalties Plaintiff and the purported class members seek under California Labor Code Sections 201, 202, 203, 226, 226.7, 558, 1174, 1175, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, the Industrial Welfare Commission Wage Orders, or otherwise. That is because any award of such penalties or liquidated damages would, in

general or under the facts of the particular claims, violate Defendants' constitutional rights under the provisions of the United States and California Constitutions including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clauses contained in the California Constitution.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**[Lack of Standing]**

22. Plaintiff's claims and the claims of each purported class member, or some of them, are barred, in whole or in part, for lack of standing.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**[No Employment Relationship]**

23. Plaintiff and each purported class member were not employees of Defendants but rather are independent contractors, including but not limited to under the terms of California Labor Code sections 2775, 2776, 2777, 2778, 2779 and/or 2780.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**[Apportionment of Responsibility/Indemnity or Contribution]**

24. The alleged damages, injuries, and/or losses suffered by Plaintiff and the purported class members, if any, proximately resulted from the negligence of parties, persons, and/or entities other than Defendants, and Defendants' liability, if any, is therefore altogether barred or limited in direct proportion to the percentage of fault actually attributable to Defendants. Also, Defendants are entitled to contractual indemnity and/or contribution from such other parties.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**[Waiver of Meal or Rest Breaks]**

25. The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff or any purported class member members waived their right to take meal or rest breaks pursuant to the California Labor Code and/or the applicable Wage Order.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### [No Knowledge]

26. The Complaint, and each purported cause of action contained therein, is barred because Defendants had no knowledge of any uncompensated work performed by Plaintiff, or purported class members.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### [Lack of Personal Jurisdiction]

27. This is no personal jurisdiction over one or both defendants.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### [Reservation of Rights]

28. Defendants do not presently know all of the facts and circumstances respecting Plaintiff's and the purported class members' claims. Defendants reserve the right to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants prays for judgment as follows:

1. That Plaintiff and each purported class member take nothing by reason of the Complaint, and that the Complaint and each cause of action be dismissed with prejudice on the merits;

2. That class status be denied;

3. That judgment be entered in favor of Defendants and against Plaintiff and, if any class action is allowed to proceed, against each purported class member;

4. That Defendants be awarded reasonable attorneys' fees and costs of suit, as provided by law; and

//

//

5. That the Court order such other and further relief in favor of Defendants as the Court deems just and proper.

Dated: February 13, 2024

MITCHELL SILBERBERG & KNUPP LLP
KEVIN E. GAUT

By: _____
Kevin E. Gaut
Attorneys for Defendants
Valnet Inc. and Valnet U.S., Inc.

**JURY DEMAND**

Defendants Valnet Inc. and Valnet U.S. Inc. hereby demand a jury trial.

Dated:  February 13, 2024

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP
KEVIN E. GAUT

By: _____
Kevin E. Gaut
Attorneys for Defendants
Valnet Inc. and Valnet U.S. Inc.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is jda@msk.com.

On February 13, 2024, I served a copy of the foregoing document(s) described as **MASTER CAPTION** on the interested parties in this action at their last known address as set forth below by taking the action described below:

**SEE ATTACHED SERVICE LIST**

☑ **BY PLACING FOR COLLECTION AND MAILING**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 2049 Century Park East, 18th Floor, Los Angeles, California 90067-3120 in the ordinary course of business.

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 13, 2024, at Los Angeles, California.

*Jennifer Gaines*
Jennifer Gaines

**ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC. TO CLASS ACTION COMPLAINT**

# SERVICE LIST

*COUNSEL FOR PLAINTIFFS*

Aashish Y. Desai, Esq.
Adrianne De Castro, Esq.
DESAI LAW FIRM, P.C.
3200 Bristol Ave., Suite 650
Costa Mesa, CA 92626

Tel: (949) 614-5830  Fax: (949) 271-4190

E-mails:  Aashish Y. Desai aashish@desai-law.com;
Adrianne De Castro adrianne@desai-law.com


David Borgen, Esq.
Laura Ho, Esq.
GOLDSTEIN, BORGEN, DARDARIAN & HO
155 Grand Avenue, Suite 900
Oakland, CA 94612

Tel: (510) 763-9800  Fax: (510) 835-1417

E-mails:  David Borgen dborgen@gbdhlegal.com;
Laura Ho lho@gbdhlegal.com


James E. Goodley, Esq. *Pro Hac Vice*
Ryan P. McCarthy, Esq. *Pro Hac Vice*
GOODLEY McCARTHY LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103

Tel: (215) 394-0541

E-mails:  James E. Goodley james@gmlaborlaw.com;
Ryan P. McCarthy ryan@gmlaborlaw.com