UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-01284-MCS-MAR | Date August 20, 2024 |
| Title *Quintiliano v. Valnet, Inc.* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 25) (JS-6)

Plaintiff Daniel Quintiliano moves to remand this case to Los Angeles County Superior Court. (Mot., ECF No. 25-2.) Defendants Valnet, Inc., and Valnet U.S., Inc., oppose, (Opp'n, ECF No. 26), and Plaintiff filed a reply, (Reply, ECF No. 27). The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.      BACKGROUND

This is a putative wage-and-hour class action. For the purposes of this motion, and as alleged in the complaint, Plaintiff is a writer, and Defendants operate websites that publish written articles, among other content. (Compl. ¶ 1, ECF No. 1-1.) Plaintiff alleges that Defendants misclassified Plaintiff and the putative class members as independent contractors and failed to pay the required minimum and overtime wages, owe meal and rest period premiums, failed to provide itemized wage statements, and owe business expenses, among other claims. (*Id.* ¶¶ 2–3.)

Defendants removed this case from Los Angeles County Superior Court, invoking the Court's diversity jurisdiction. (Not. ¶¶ 1, 8, ECF No. 1.)[1]

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted). In this inquiry, court may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks omitted).

## III.  DISCUSSION

Defendants make a sufficient showing that complete diversity of citizenship between the parties exists. (*See* Opp'n 8; Not. ¶ 9.) Plaintiff does not dispute that the parties are diverse, so the Court concludes that the parties are completely diverse.

---

[1] Notably, although Plaintiff brings a putative class action, Defendants did not remove the case invoking the Court's jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

The parties dispute whether the amount in controversy exceeds the jurisdictional threshold. The amount in controversy is not clear from the face of the complaint, as the complaint does not specify the amount of damages Plaintiff seeks. (*See generally* Compl.) Thus, Defendants must show that the amount in controversy more likely than not exceeds $75,000.

### A.  Damages

The parties disagree on how much the minimum wage, overtime, meal and rest period, wage statement, and expense reimbursement claims place into controversy. Defendants, using a 24-workweek estimate for the period of November 2022 to April 2023, (Compl. ¶ 5), argue that the claims put into controversy a sum of $55,410, (Opp'n 9–12). Plaintiff, on the other hand, argues that a more reasonable estimate based on 22 work weeks results in a sum of $39,810. (Reply 1.) Neither side brings extrinsic evidence as to the number of weeks Plaintiff worked. Plaintiff alleges that he worked "between approximately November 2022 and April 2023." (Compl. ¶ 5.) At the maximum, this is 26 work weeks. Fed. R. Evid. 201(b)(1). Thus, Defendant's estimate provides a reasonable assumption based on the pleadings. As such, the Court credits Defendant's estimate of $55,410 put in controversy by the minimum wage, overtime, meal and rest period, wage statement, and expense reimbursement claims.

### B.  Cost of Compliance

Plaintiff attempts to waive injunctive relief to reduce the amount in controversy. (Mot. 6.) He cannot do so. *See Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) ("[T]he amount in controversy is determined by the complaint operative at the time of removal . . . ."). As such, the Court considers the cost of compliance with the injunction in analyzing the amount in controversy. *Ramirez v. Herschel Supply Co.*, No. 2:23-cv-07278-MCS-JPR, 2024 WL 324897, at *2 (C.D. Cal. Jan. 29, 2024) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001)). Plaintiff's prayer for relief includes a request for the Court to "[e]njoin Defendant from violating California law." (Compl., Prayer for Relief ¶ K.) Defendants estimate that it would cost at least $12,240 for it to comply with an injunction requiring articles to be "written by an employee rather than an independent contractor." (Opp'n 14.) This is entirely speculative. Defendants offer no competent evidence toward its burden to show that compliance with the (admittedly vague) injunction Plaintiff seeks would require "an employee rather than

an independent contractor" to write its articles, let alone that it would cost an additional $12,240 in labor to achieve the same output. (Opp'n 14.) Other, less costly actions, like structuring its freelancers consistently with California's independent contractor test, which Defendants acknowledge is more lenient for "content contributors" than it is for other laborers, (Opp'n 6–7); *see* Cal. Labor Code § 2778, might accomplish the injunction's ends. *Cf. Huges v. Mandry Tech. Sols., LLC*, No. 2:23-cv-09502-JLS-MAR, 2023 U.S. Dist. LEXIS 206553, at *2–3 (C.D. Cal. Nov. 16, 2023) (questioning subject-matter jurisdiction where defendant failed to support an argument that "an injunction would require costly expenditures" where a different, obvious method of injunction compliance "appears to impose only a de minimis cost" (cleaned up)). As such, Defendants have failed to meet their burden of proof to show the cost of compliance with any injunction that may issue.

Defendants also argue that the Court should also consider the back taxes it would have to pay if it misclassified Plaintiff as an independent contractor. (Opp'n 13–14.) The Court is not so sure. Defendants cite *Lyon v. W.W. Grainger Inc.*, No. C 10-00884 WHA, 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010), for the proposition that the amount in controversy also includes "taxes on plaintiff's wages." But that court, in a later order in the same case, noted that the "Ninth Circuit has ruled that taxes should be included in the amount in controversy *when the plaintiff requests them as a remedy.*" *Lyon v. W.W. Grainger Inc.*, No. C 10-00884 WHA, 2010 U.S. Dist. LEXIS 69587, at *11 (N.D. Cal. June 15, 2010) (citing *Guglielmino*, 506 F.3d at 701); *see Guglielmino*, 506 F.3d at 701 ("Beyond attorney's fees, the complaint also seeks the back payment of health benefits and taxes . . . ."). In context, Ninth Circuit precedent provides for assessment of back taxes in the amount in controversy when the plaintiff seeks to recover them. *See Guglielmino*, 506 F.3d at 701. Plaintiff here did not request back taxes in his complaint. (*See generally* Compl., Prayer for Relief.) The Court is unaware of any other authority requiring the inclusion of Defendant's back taxes in the amount in controversy, and Defendants direct the Court to none. It is not evident that if Plaintiff prevails Defendants would "more likely than not" be required to pay back taxes. *Guglielmino*, 506 F.3d at 699. As such, the Court declines to include Defendant's back taxes in the amount in controversy.

Thus, before attorney's fees, the total amount in controversy remains $55,410.

### C. Attorney's Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). But "[a] district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails" to prove to a preponderance of the evidence with "summary judgment-type evidence" that the fees will be incurred. *Fritsch*, 899 F.3d at 795. Plaintiff is entitled to recover reasonable attorney's fees if he prevails. Cal. Labor Code § 1194.

Defendants have not proven what the fees incurred in this case may be. Defendants direct the Court to case filings showing that one of Plaintiff's counsel has requested fees of $950 per hour and that another has requested fees of $1,000 per hour. (Gaut Decl. ¶¶ 5–6 & Exs. C–D, ECF No. 26.)[2] But Defendants provide the Court with no evidence beyond its counsel's own experience that Plaintiff's counsel would work a determined number of hours (here, in excess of 100). (*See* Gaut Decl. ¶ 7.) Notably, Defendants do not specify what litigation tasks would be necessary and how many hours each task would take. Nor do Defendants grapple with the possibility that an attorney with a lower billable rate may work on the case. *See Carlson v. Gatestone & Co. Int'l, Inc.*, No. 17-cv-01818-BLF, 2017 WL 2615764, at *2 (N.D. Cal. June 16, 2017); *Collier v. ULTA Salon, Cosmetics & Fragrance, Inc.*, No. CV 18-8700-R, 2018 WL 6567695, at *3 (C.D. Cal. Dec. 12, 2018).

Defendants also direct the Court to one comparator case in which a single-plaintiff wage-and-hour case generated court-awarded fees greater than $50,000. (Gaut Decl. ¶ 8 & *id.* Ex. E.) But Defendants "provide[] no explanation for why this case is similar to ones that went to trial." *D'Amico v. Ford Motor Co.*, No. CV 20-2985-CDC (JCx), 2020 U.S. Dist. LEXIS 90921, at *10–11 (C.D. Cal. May 21,

---

[2] Defendants' request for judicial notice of Exhibits A, C, D, and E is granted. Fed. R. Evid. 201(b); *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); (RJN, ECF No. 26-3). The other document subject to the request is unnecessary to the Court's resolution of the motion, so the Court denies the request as moot.

2020); *accord Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases." (citations omitted)). The Court notes that the comparator case went to trial and an appeal. (Gaut Decl. Ex. E, at 37.) Defendants do nothing to analogize this putative class action, which may generate cost savings in fees to the class at large, to that single-plaintiff wage-and-hour case or explain why this case may go to trial and appeal. The majority of the wage-and-hour cases assigned to this judicial officer have settled before trial. Even if fees recovered or sought in other wage-and-hour cases present competent evidence of the fees that may accrue here, they do not provide probative evidence of the hours that might reasonably be expended in this case. *Cf. Angello v. Target Corp.*, No. 5:23-cv-01097-FLA (DTBx), 2024 WL 3821493, at *3–4 (C.D. Cal. Aug. 12, 2024) (finding burden unmet where Defendant "fails to submit evidence or identify comparable attorney's fee awards in other factually similar actions, as required for the court to conclude it is more likely than not Plaintiff will recover attorney's fees if he prevails"). As such, Defendants have failed to show by a preponderance of the evidence what amount of attorney's fees is put in controversy in this case. *See Fritsch*, 899 F.3d at 795.

### D. Summary

The amount in controversy is not clear from the face of the complaint. Defendants fail to present evidence establishing that the amount in controversy more likely than not exceeds $75,000. Accordingly, Defendants have not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

## IV. CONCLUSION

The Court remands the case to the Los Angeles County Superior Court, No. 23STCP04605. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**